### 8160

#### STATE v. BEASLEY.

PLEADINGS—BREACH OF TRUST.—AN INDICTMENT charging that defendant being in possession of fifty dollars, the property of another, did convert and appropriate it to his own use with intent to defraud the owner, whereby he committed a breach of trust with fraudulent intent, charges the crime of breach of trust in the terms of the statute, and so plainly that the nature of the offense charged may be easily understood, which brings the indictment within the provisions of section 56 of the Criminal Code.

Before SHIPP, J., Lee, Summer term, 1911, Reversed.

Indictment against B. S. Beasley. Plaintiff appeals from order quashing.

*Solicitor Philip H. Stoll,* for appellant.

*Mr. C. M. Aman,* contra.

March 27, 1912. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. This is an appeal from an order quashing an indictment for insufficiency. The indictment charges: "That B. S. Beasley * * * being in possession of fifty dollars, the property of B. McLaughlin, the said fifty dollars being the proceeds of the sale of a certain cow of the said B. McLaughlin, of the value of fifty dollars, did

wilfully and unlawfully convert and appropriate the said money of the said B. McLaughlin, to wit, fifty dollars, to his own use, with intent to defraud the said B. McLaughlin, whereby the said B. S. Beasley committed breach of trust with fraudulent intent and by force of the statutes in such case made and provided, committed grand larceny, against the form of the statute in such case made and provided and against the peace and dignity of the State." The Court held that the indictment contained no allegation of trust, and that such an allegation was essential in an indictment for breach of trust.

Section 154 of the Criminal Code says that "any person committing a breach of trust with a fraudulent intention shall be held guilty of larceny." Section 56 of the Criminal Code reads: "Every indictment shall be deemed and judged sufficient and good in law which, in addition to allegations as to time and place, as now required by law, charges the crime substantially in the language of the common law or of the statute prohibiting the same, or so plainly that the nature of the offense charged may be easily understood; and if the offense be a statutory offense, that the same be alleged to be contrary to the statute in such case made and provided."

The indictment in plain and unmistakable language charged that the defendant, being in possession of fifty dollars, the property of B. McLaughlin, did convert and appropriate it to his own use with intent to defraud the said B. McLaughlin, whereby he committed a breach of trust with fraudulent intent. The crime is charged in the language of the statute and "so plainly that the nature of the offense charged may be easily understood." It therefore satisfies the requirements of section 56 above quoted.

Judgment reversed.

MR. CHIEF JUSTICE GARY *and* MR. JUSTICE WOODS *only participate in this opinion and concur.*